EMMITT W. LASSITER, ADMINISTRATOR OF JOHN MELVIN WOOD, DECEASED, v. CAROLINA COACH COMPANY AND W. C. SORRELL.

(Filed 14 April, 1954.)

**Automobiles § 18h (3)—**

Evidence tending to show that intestate drove his automobile from the yard of a rural filling station onto a highway directly in front of a bus, and that his car was struck before its rear wheels reached the hard surface of the highway, *is held* to show contributory negligence on the part of intestate, barring recovery as a matter of law.

APPEAL by plaintiff from *Stevens, J.,* January Term 1954, FRANKLIN. Affirmed.

Civil action for wrongful death resulting from automobile-bus collision.

Plaintiff's intestate, after making "a little bit of a stop" at or near the edge of the highway, drove his automobile from the yard of a rural filling station onto Highway 59, directly in front of the corporate defendant's approaching bus.   His automobile was struck before its rear wheels reached the hard-surface portion of the highway.   He died as a result of the injuries.

At the conclusion of plaintiff's evidence in chief, the court, on motion of defendants, entered judgment of involuntary nonsuit and plaintiff appealed.

HOPKINS *v.* COMER.

*H. Clay Hemric and Yarborough & Yarborough for plaintiff appellant.*
*Charles P. Green and Brassfield & Maupin for defendant appellees.*

PER CURIAM.  If this record contains any evidence tending to show that the individual defendant, driver of the bus, committed any act of negligence which could be said to be one of the proximate causes of the death of plaintiff's intestate, it has escaped our attention.  In any event, the record clearly discloses, as a matter of law, that the negligence of the deceased, if not the sole proximate cause thereof, was at least a contributing cause of his injury and death.  Therefore, the judgment entered in the court below is
Affirmed.